UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES D. LASSEN, | ) | CASE NO. 1: 13 CV 1938 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| LORAIN COUNTY, OHIO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a Motion for Judgment on the Pleadings, In Part (ECF # 8) filed pursuant to Federal Rule of Civil Procedure 12(c) by Defendants Lorain County, Ohio, Sheriff Phil R. Stammitti, Deputy Charles M. Crausaz and Deputy Damian Rodriguez. Defendants have moved for judgment on all counts of Plaintiff James D. Lassen's Complaint except Count Two, a claim brought under 42 U.S.C. § 1983 for alleged unlawful search and entry in violation of the Fourth Amendment. Defendants move for judgment on the pleadings on the following counts of the Complaint:

      (1)    **Count One** – Excessive Force (42 U.S.C. § 1983);

      (2)    **Count Three** – False/Wrongful Arrest/Imprisonment (42 U.S.C. § 1983);

      (3)    **Count Four** – Malicious Prosecution, against Deputies Crausaz and Rodriguez and Sheriff Stammitti (42 U.S.C. § 1983);

      (4)    **Count Five** – *Monell* Violations, against Lorain County and Sheriff Stammitti (42 U.S.C. § 1983);

      (5)    **Count Six** – Common Law False Arrest/Imprisonment, against Deputies

and County;

(6) **Count Seven** – Common Law Malicious Prosecution, against Deputies, Sheriff and County;

(7) **Count Eight** – Common Law Assault and Battery, against Deputies and County;

(8) **Count Nine** – Gross Neglect, against Deputies;

(9) **Count Ten** – Negligent Hiring and Retention, against County; and

(10) **Count Eleven** – Intentional Infliction of Emotional Distress, against Deputies.

Defendants also ask for judgment in their favor on Plaintiff's prayer for punitive damages.

Plaintiff has responded to the Motion for Judgment on the Pleadings, and Defendants have replied. Accordingly, the Motion for Judgment on the Pleadings is ripe for consideration. For all of the reasons explained herein, the Motion for Judgment on the Pleadings is GRANTED. Only Count Two of Plaintiff's Complaint remains.

## I. FACTS

As Federal Rule of Civil Procedure 12(c) requires, the Court construes the Complaint in a light most favorable to Plaintiff, accepts all factual allegations as true, and determines whether the Complaint states a plausible claim for relief. Herein, the Court will not consider facts that are not contained in the pleadings and are not subject to judicial notice.

Plaintiff asserts that he was sleeping in his bedroom at his home on August 6, 2012. At approximately 8:00 p.m., Plaintiff heard a knock on the front door of his home. He went to the closed breezeway to investigate. From inside the breezeway, Plaintiff observed Deputy Crausaz.

Deputy Crausaz informed Plaintiff that he was there to "deliver him some mail." Defendants aver in their Answer that Deputies Crausaz and/or Rodriguez informed Plaintiff that

they were there to serve on Plaintiff a civil protection order. Defendants contend that Plaintiff was informed that, pursuant to the civil protection order, Plaintiff had to vacate the house immediately and that if Plaintiff was going to go back into the house they would need to accompany him. Plaintiff turned and began walking to the back door of his home.

Plaintiff claims that Deputy Crausaz and Deputy Rodriguez then entered Plaintiff's closed breezeway, without a warrant. Plaintiff asserts that Deputy Crausaz grabbed Plaintiff. Defendants have answered that Deputy Crausaz grabbed Plaintiff's wrist, at which point Plaintiff struck Deputy Crausaz. Plaintiff alleges that Deputy Crausaz struck Plaintiff and knocked him to the ground. He claims that Deputies Crausaz and Rodriguez both caused him injuries.

Deputies Crausaz and Rodriguez arrested Plaintiff. Ultimately, Plaintiff was charged with three counts in the Elyria Municipal Court:

(1) "Assault" (O.R.C. § 2903.13);

(2) "Aggravated Assault of a Police Officer" (O.R.C. § 2903.12); and

(3) "Obstruction of Official Business" (O.R.C. § 2921.32).[1]

Plaintiff eventually pled "No Contest" to each of the charges. The judge entered a conviction of "Guilty" on the Assault count under O.R.C. § 2903.13. The other two counts were dismissed.

Deputies Crausaz and Rodriguez were employed at all times relevant by the Lorain County Sheriff's Department. At all times pertinent, Defendant Stammitti served as Sheriff of Lorain County.

---

[1] The Court may take notice of the municipal court docket sheets. *Gonzalez v. City of Fostoria*, No. 3:13CV798, 2014 WL 99114 at *7 (N.D. Ohio Jan. 9, 2014).

## II. STANDARD OF REVIEW

Decisions granting judgment on the pleadings pursuant to Rule 12(c) are reviewed under the same standard applied to motions to dismiss under Rule 12(b)(6). *See Kottmeyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006). The Court construes the complaint in a light most favorable to the plaintiff, accepts all factual allegations as true, and determines whether the complaint states a plausible claim for relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir.2010) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).

The Sixth Circuit has applied the now familiar pleading requirements in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Iqbal* to both Rule 12(b)(6) and Rule 12(c) motions, and held that plaintiffs must " 'plead ... factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht*, 617 F.3d 893 (quoting *Iqbal*, 129 S.Ct. at 1949); *see New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1049–51 (6th Cir. 2011). Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient. *Iqbal*, 129 S.Ct. at 1949–50; *see Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009). Additionally, when considering a Rule 12(b)(6) or 12(c) motion, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Kottmeyer*, 436 F.3d at 689.

The plausibility pleading standard set forth in *Twombly* and *Iqbal* requires a plaintiff to have pled enough facts to state a claim for relief that is plausible on its face. *Iqbal*, 129 S.Ct. at 1950. A complaint that allows the court to infer only a "mere possibility of misconduct" is insufficient to "show" that the complainant is entitled to relief and fails to meet the pleading requirements of Rule 8. *Id.* In sum, the allegations in the complaint must raise a right to relief

above the speculative level.  *Dudek v. Thomas & Thomas Attorneys & Counselors At Law, LLC*, 702 F. Supp. 2d 826, 832 (N.D. Ohio 2010).

### III.  DISCUSSION

#### A.  Plaintiff Has Not Pled A Plausible Federal Claim Under 42 U.S.C. § 1983

Counts One, Three, Four, and Five of Plaintiff's Complaint are brought under 42 U.S.C. § 1983.  If Plaintiff cannot establish that he was deprived of any rights established by the Constitution or federal law, Defendants cannot be held liable under Section 1983.  Section 1983 provides plaintiffs with a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory."  42 U.S.C. § 1983.

##### 1.  Plaintiff's Fourth And Fourteenth Amendment Claims Are Not Plausible

Count One of Plaintiff's Complaint alleges violations of his Fourth Amendment right to be free from the use of excessive force.  Count Three alleges a Fourth and Fourteenth Amendment claim for false arrest and imprisonment.  Count Four is a Fourth and Fourteenth Amendment claim for malicious prosecution brought under Section 1983.  If Plaintiff has failed to plead a plausible claim for a violation of his constitutional rights, Defendants are entitled to judgment on the pleadings on these Section 1983 claims.

However, before the Court reaches the merits of Plaintiff's Fourth and Fourteenth Amendment claims as pled in the Complaint, the Court must address the threshold issue raised by Defendants of whether the ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994) serves as a bar to Plaintiff's Section 1983 claims in this case.  Under *Heck*, a plaintiff cannot recover in a § 1983 suit when the basis for the claim necessarily implies the invalidity of a previous state criminal

conviction. Specifically, the Supreme Court held that:

> In order to recover damages for allegedly unconstitutional ... harm caused by actions whose unlawfulness would render a conviction or sentence invalid a [Section 1983] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal. . .or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486-87. Accordingly, a Section 1983 action that would challenge the validity of a state court criminal conviction is barred unless the state court criminal conviction has been overturned or expunged.

The mere fact that state court criminal conviction and a Section 1983 claim arise from the same set of facts is not dispositive, and will not preclude a Section 1983 action, if the two are consistent with each other, rather than one unavoidably implying the invalidity of the other. *Heck*, 512 U.S. at 487: *Swiecicki v. Delgado*, 463 F.3d 489, 493 (6th Cir. 2006), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007). The Court must look to both the claims raised under Section 1983, and the specific offenses for which the 1983 claimant was convicted. The *Heck* doctrine applies only where a Section 1983 claim would inescapably imply the invalidity of the conviction. *Id*.

        a.    <u>*Heck* Bars Plaintiff's Excessive Force Claim</u>

A claim of excessive force, such as the one Plaintiff asserts in Count One here, "does not necessarily relate to the validity of the underlying conviction and therefore may be immediately cognizable." *Swiecicki*, 463 F.3d at 493. There are two circumstances where a criminal conviction preempts a plaintiff's Section 1983 claim for excessive force arising from the same

events.  Preemption occurs when:

>    (1)   the criminal provision makes the lack of excessive force an element of the crime; or
>
>    (2)   excessive force is an affirmative defense to the crime.

*Schrieber v. Moe*, 596 F.3d 323, 334 (6th Cir.2010); *Cummings v. City of Akron*, 418 F.3d 676, 684 (6th Cir. 2005).  In both of these circumstances, the Section 1983 suit seeks a determination of fact that, if true, necessarily would have precluded the conviction. *Id*.

Heck's bar does not apply when the alleged excessive force was applied *after* an arrest. *Michaels v. City of Vermillion*, 539 F. Supp. 2d 975, 992 (N.D. Ohio 2008).  Plaintiff here does not allege such circumstances. Nor does Plaintiff deny the validity of his conviction.  Accordingly, *Heck* will bar Plaintiff's recovery for his excessive force claim if excessive force was an element of the crime for which he was convicted, or excessive force was an affirmative defense to that crime.

Ultimately, Plaintiff pled no contest to Assault (O.R.C. § 2903.13) in the Elyria Municipal Court. Ohio's Assault statute provides that:  (A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn; and (B) No person shall recklessly cause serious physical harm to another or to another's unborn.  O.R.C. § 2903.13. The judge entered a conviction of "Guilty" on the Assault count.

In *Cummings*, the Sixth Circuit held that, because excessive force is an affirmative defense to assault, *Heck* bars a Section 1983 action for excessive force brought by a plaintiff who has been convicted of assault, when the assault and excessive force claims arise out of the same struggle between the plaintiff and the police. *Cummings*, 418 F.3d at 682-683.  Specifically, the Sixth Circuit held:

> We agree . .. that success on Cummings' excessive force claim would necessarily imply the invalidity of his state assault conviction. The struggle between Cummings and the officers gave rise to both Cummings' assault conviction and the excessive force claim, and the two are inextricably intertwined. Additionally, Cummings could have raised excessive force as a defense to the assault charge, but instead he chose not to contest the charge. Thus, we hold that Heck bars Cummings' excessive force claim from moving forward, and we affirm the district court's grant of summary judgment to Defendants' [sic] on this claim.

*Id.*

Just as in *Cummings*, *Heck* bars Plaintiff's excessive force claim here. Plaintiff's assault conviction and excessive force claim arise out of the same struggle. Excessive force is an affirmative defense to an assault charge. *Cummings*, 418 F.3d at 682-683. Plaintiff, charged with assault, pled "no contest" to the charge. He did not assert excessive force as an affirmative defense. The judge then found Plaintiff guilty of assault. Thus, Plaintiff cannot proceed with a Section 1983 claim for excessive force. A successful excessive force claim here would be akin to a collateral attack on Plaintiff's conviction for assault, necessarily implying the invalidity of that conviction. Thus, *Heck* and its progeny compel this Court to dismiss Plaintiff's Section 1983 claim for excessive force.

    **b.**  <u>***Heck* Bars Plaintiff's Claim For False Arrest/Imprisonment**</u>

Likewise, *Heck* bars Plaintiff's federal claim for false arrest and imprisonment. The events giving rise to Plaintiff's arrest and detention and his conviction for assault are inextricably intertwined. Plaintiff pled "no contest" to assault and was convicted of that offense. Allowing his unlawful detention claim to proceed would directly contradict the finding that he was indeed guilty of the assault for which he was arrested, because it would negate the probable

cause for arrest that arose from the assault. *Walker v. Schaffer*, 854 F.2d 138 (6th Cir.1988) (no contest pleas is state criminal proceedings preclude federal claims that officers acted without probable cause), Thus, Plaintiff's unlawful detention claim in Count Three is dismissed.

      **c.**      ***Heck* Bars Plaintiff's Claim For Malicious Prosecution**

Plaintiff's Section 1983 claim for malicious prosecution also is dismissed pursuant to *Heck*. To prevail on a malicious prosecution action, the prior criminal case against the now civil plaintiff must have been resolved in the plaintiff's favor. *Heck*, 512 U.S. at 486. Plaintiff's criminal case was not resolved in his favor. He pled no contest, and subsequently was found guilty of assault. Accordingly, under *Heck*, his malicious prosecution claim is not viable.[2]

      **2.**      **Plaintiff's *Monell* Claim Is Not Plausible**

Like Plaintiff's Fourth and Fourteenth Amendment Claims, Plaintiff's Count Five – his *Monell* claim under Section 1983 – is not well-pled. Under *Monell*, a municipality cannot be held liable *solely* because it employs a tortfeasor. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 (1978) (original emphasis). In other words, a municipality cannot be held liable under Section 1983 on a respondeat superior theory. *Id*. Instead, a plaintiff may only hold a government entity liable under Section 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Gregory v. City of Louisville*, 444 f.3d 725, 752 (6th Cir. 2006).

The plaintiff has the burden of proof to establish the existence of an unconstitutional

---

[2]Because the Court has found that Plaintiff may not proceed with his Section 1983 claims under *Heck*, the Court need not determine whether any defendant has qualified immunity from these claims.

9

policy and to demonstrate a causal link between the policy and the alleged injuries at issue. To meet this burden, the plaintiff must show that the official policy or custom was a moving force behind the constitutional violation. *Polk County v. Dodson* (1981), 454 U.S. 312, 325. Where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality and the causal connection between the policy and the constitutional deprivation. *Mann v. Helmig*, 289 Fed. Appx. 845, 852 (6th Cir. 2008), *citing Oklahoma City v. Tuttle* (1985), 471 U.S. 808.

Plaintiff here has not satisfied his burden. The Complaint does not even state what custom or policy allegedly led to the constitutional violations. Plaintiff's Complaint contains nothing more than a threadbare recitation of the elements of the claim and fails to satisfy the plausibility standard of *Iqbal* and *Twombly*. Therefore, Plaintiff's *Monell* claim is dismissed.

**B.      Plaintiff's State Law Claims Are Not Plausible**

Like his federal claims brought under Section 1983, Plaintiff's state law claims also fail as a matter of law. Many of Plaintiff's state law claims are barred by his prior assault conviction.

Federal evidentiary rules apply in this case. Federal Rule of Evidence 410 provides that a plea of nolo contendere is not admissible in criminal or civil proceedings *against* the defendant that made the plea. However, the Sixth Circuit has found that a no contest plea is admissible when – as here – a former criminal defendant (now civil plaintiff) seeks to benefit from his criminal acts by bringing a suit based on the conduct that resulted in the conviction. *Walker*, 854 F.2d at *143. In *Walker*, the Sixth Circuit stated:

> In this case, on the other hand, the persons who entered prior no-contest pleas are now plaintiffs in a civil action. Accordingly, use of the no-contest plea for estoppel purposes is not "against the defendant" within the meaning of Fed. R. Evid. 410. This use would be more accurately characterized as "for" the benefit of the "new" civil defendants, the police officers.

> We find a material difference between using the nolo contendere plea to subject a former criminal defendant to subsequent civil or criminal liability and using the plea as a defense against those submitting a plea interpreted to be an admission which would preclude liability. Rule 410 was intended to protect a criminal defendant's use of the nolo contendere plea to defend himself from future civil liability. We decline to interpret the rule so as to allow the former defendants to use the plea offensively, in order to obtain damages, after having admitted facts which would indicate no civil liability on the part of the arresting police.

Thus, a no contest plea is admissible under circumstances like those present in this case for two reasons: (1) to prevent a prior criminal defendant from asserting a claim that would contradict his conviction, and to (2) to prevent him from benefitting from the criminal activity.[3]

### 1. **Plaintiff's Common Law Assault And Battery And Gross Neglect Claims Are Not Plausible**

Plaintiff's assault and battery and gross neglect claims in Counts Eight and Nine are dismissed because Plaintiff is estopped from relitigating issues that would invalidate his prior criminal conviction. Similar to *Heck*, Ohio courts also bar subsequent civil claims brought by a prior criminal defendant (now a civil claimant) if the civil claim would have the effect of invalidating the criminal conviction. *Contreras v. Simone*, 112 Ohio App.3d 246, *248 (Ohio

---

[3]There is a question under Ohio law as to the admissibility of a no contest plea or the resultant conviction under state law evidentiary rules. *Elevators Mutual Insurance Company v. J. Patrick O'Flaherty's, Inc.* (2012), 125 Ohio St.3d 362.

Ct. App. 1996).  Here, Plaintiff could have asserted the assault and battery (or excessive force) and gross neglect claims as affirmative defenses at his criminal proceeding.  However, he did not raise either defense.  Plaintiff is barred from relitigating the issues here.  His assault and battery and gross neglect claims are dismissed.

### 2. Plaintiff's Common Law False Arrest And Malicious Prosecution Claims Are Not Plausible

Plaintiff's false arrest/imprisonment claim in Count Six also is not well-pled.  The essence of the tort of false arrest is depriving a person of his or her liberty without lawful justification.  *Harvey v. Horn* (1986), 33 Ohio App.3d 24, 27.  Specifically, a plaintiff must show that he was detained and that the detention was unlawful.  *Id*.  Here, Plaintiff's prior assault conviction confirms that the arrest was lawful.  His false arrest/imprisonment claim cannot stand.

The elements of Plaintiff's malicious prosecution claim in Count Seven are: (1) malice in institution or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the defendant.  *Rogers v. Barbera* (1960), 170 Ohio St. 241, at syl. 1.  Here, Plaintiff was convicted of assault during his criminal proceeding.  Plaintiff does not allege that the conviction has been overturned.  Thus, Plaintiff's malicious prosecution claim is dismissed.

### 3. Plaintiff's Claim Of Intentional Infliction Of Emotional Distress Is Not Well-Pled

To succeed on a claim for intentional infliction of emotional distress (Plaintiff's Count Eleven), a plaintiff must show that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" that it can be considered as "utterly intolerable in a

civilized community." *Pyle v. Pyle* (1983), 11 Ohio App.3d 31, 34; *see also Reamsnyder v. Jaskolski* (1984), 10 Ohio St. 3d 150, 153.

As explained above, Plaintiff's assault conviction estops him from challenging the lawfulness of his arrest or the force used by the officers during his arrest. Plaintiff's conviction conclusively establishes that Defendants lawfully arrested him and that the appropriate level of force was used in doing so. Thus, Plaintiff's allegations that the Defendants engaged in extreme and outrageous conduct is without merit.

### 4. Plaintiff's Negligent Hiring And Retention Claim Fails As A Matter Of Law

Plaintiff's Count Ten, a claim for negligent hiring and retention, also fails to state a plausible claim for relief. This count fails to meet the *Iqbal* and *Twombly* standard, in that it only states conclusory allegations. Plaintiff did not provide a single allegation of fact to support his contention that Lorain County was negligent for hiring or retaining the Deputy Defendants. Thus, Plaintiff has failed to state a claim for relief that is plausible on its face. Count Ten is dismissed.

### 5. Common Law Claims Against The Sheriff's Office And Sheriff Stammitti Are Meritless

In addition to the foregoing grounds for dismissal of Plaintiff's state law claims, the common law claims against the Sheriff's Office and the Sheriff must be dismissed for additional reasons. First, the Lorain County Sheriff's Office is not "sui juris." *Morales v. Franklin Cnty. Sheriffs*, 2013 WL 5492293 (S.D. Ohio Oct. 2, 2013), citing *McGuire v. Ameritech Services Inc.*, 253 F. Supp. 2d 988, 1015 (S.D. Ohio 2003). "[C]ounties, as political entities, are not sui juris; they are held accountable through their elected representatives, to wit, their commissioners."

13

Therefore, all claims against the Lorain County Sheriff's Office should be dismissed.

In addition, Sheriff Stammitti is entitled to immunity under O.R.C. § 2744.02(A)(1). As detailed below, Lorain County is entitled to immunity in accordance with O.R.C. § 2744.02(A)(1). The immunity granted to a political subdivision (Lorain County) should be extended to the political subdivision's departments, agencies, and offices that implement the subdivision's policies. *Lambert v. Clancy* (2010), 125 Ohio St.3d 231, 236. Further, the immunity protection is extended to the elected office holders of the department, agency, or office. *Lambert*, supra at 237. Here, Sheriff Stammitti is an elected office holder of Lorain County.

### 6. State Law Claims Against The Deputies And Sheriff In Their Individual Capacities Fail As A Matter Of Law

Revised Code § 2744.03(A)(6) provides immunity from liability to employees of political subdivisions. Lorain County is a political subdivision under O.R.C. § 2744.01(F). Sheriff Stammitti, Deputy Crausaz, and Deputy Rodriguez, in their individual capacities, as employees of the County, are therefore entitled to immunity under O.R.C. § 2744.03(A)(6) which provides:

> (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish non-liability: …
>
> (6) … [T]he employee [of a political subdivision] is immune from liability unless one of the following applies:
>
> (a) The employee's acts or omissions were

14

>>manifestly outside the scope of the employee's employment or official responsibilities;

>>(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

>>(c) Liability is expressly imposed upon the employee by a section of the Revised Code.

By its terms, O.R.C. § 2744.03(A)(6) operates as a presumption of immunity. *Cook v. Cincinnati* (1995), 103 Ohio App.3d 80, 90. As such, an employee cannot be held personally liable for mere negligence, but may only be held liable for actions that fall into one of the foregoing particular exceptions. *Fabrey v. McDonald Village Police Dept.* (1994), 70 Ohio St.3d 351. None of these exceptions apply to this case. No section of the Revised Code expressly imposes liability on Sheriff Stammitti, Deputy Crausaz, or Deputy Rodriguez. There is no dispute that Sheriff Stammitti, Deputy Crausaz, and Deputy Rodriguez were acting within the scope of their employment. (Complaint at p.7.) Plaintiff makes no allegation of personal involvement in these events by Sheriff Stammitti. Further, Plaintiff has not asserted sufficient facts to show that the Defendants acted with a malicious purpose, in bad faith or in a wanton or reckless manner in light of Plaintiff's inability to challenge the propriety of his arrest or the force used to effectuate that arrest. Based on the foregoing, Sheriff Stammitti, Deputy Crausaz, and Deputy Rodriguez are immune from Plaintiff's state law claims pursuant to O.R.C. § 2744.03(A)(6).

7. **The State Law Claims Against Lorain County Are Barred By State Law Immunity**

Lorain County also is immune from suit under state law immunity. Lorain County is a political subdivision within the meaning of O.R.C. § 2744.01(F). As such, it is entitled to immunity from tort liability for governmental and proprietary functions. O.R.C. § 2744.02(A)(1). O.R.C. § 2744.02(A)(1) provides immunity to political subdivisions from damages for injury, death or loss to person or property:

> For the purposes of this Chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

The general rule, as stated in O.R.C. § 2744.02(A)(1), is that a political subdivision is not liable in damages. *Hubbard v. Canton City School Bd. of Educ.* (2002), 97 Ohio St.3d 451, ¶10. The only exceptions to this general grant of immunity are the five exceptions set forth in O.R.C. § 2744.02(B). *Hill v. Urbana* (1997), 79 Ohio St.3d 130, 133. Once immunity has been established under O.R.C. § 2744.02(A)(1), the analysis becomes whether any of the exceptions to immunity set forth in subsection (B) apply. If none of the exceptions contained in O.R.C. § 2744.02(B) apply, the analysis ends and the political subdivision is immune from liability. See *Lambert*, supra; *S.H.A.R.K. v Metro Parks Serving Summit County* (June 24, 2009) 9th Dist. No. 24443, 2009-Ohio-3004, ¶17.

16

O.R.C. § 2744.02(B) revokes immunity for losses caused by the negligent operation of a motor vehicle, losses due to the negligent performance of employees with respect to proprietary functions of the political subdivision, losses due to a subdivision's failure to keep public roads in repair, losses due to injury occurring as a result of a physical defect within or on the grounds of buildings used for governmental functions or where civil liability is expressly imposed by another provision of the Revised Code. None of these exceptions apply in the present case.

The Complaint contains no allegations that Lorain County or any other County employee negligently operated a motor vehicle. There is no allegation of any failure to maintain a public road. There are no allegations of loss due to a physical defect occurring within or on the grounds of buildings used for governmental functions. Finally, Plaintiff does not allege that Lorain County or any of its employees violated any state statute which expressly imposes liability, nor does Plaintiff allege that Lorain County or any employee negligently performed a proprietary function.

Plaintiff's Complaint arises out of the provision of police services, which is defined as a governmental function. O.R.C. § 2744.01(C)(2)(a). By definition, actions which are governmental functions cannot be considered a proprietary function. O.R.C. § 2744.01(G)(1)(a). Thus, Lorain County is immune from liability arising out of the performance of a governmental function by its employees. The Supreme Court has made clear that a political subdivision is immune *unless* one of the exceptions contained in O.R.C. § 2744.02(B)(1) to (5) apply.

17

*Lambert*, supra. There is no exception to immunity based upon the doctrine of *respondeat superior*. O.R.C. § 2744.02(B); *Hazley v. City of Akron* (July 22, 1998) 9th Dist. No. CA18756, 1998 WL 417391. To the extent that Plaintiff's Complaint alleges intentional torts, "Ohio courts have consistently held that political subdivisions are immune under O.R.C. § 2744.02 from intentional-tort claims." *Williams v. McFarland Properties, L.L.C.* (2008), 177 Ohio App.3d 490, 494.

**C.** **Plaintiff's Claim For Punitive Damages Is Not Plausible**

The Complaint requests punitive damages against all Defendants. Federal law prohibits an award of punitive damages against a municipal corporation or the individual defendants in their official capacity (as this is nothing more than a restatement of Plaintiff's claims against the County). *City of Newport v. Fact Concerts, Inc.* (1981), 453 U.S. 247, 266. State law prohibits an award of punitive damages against the County or the individuals in their official capacities. O.R.C. § 2744.05(A). As such, Plaintiff's request for punitive damages is dismissed.

## IV.  CONCLUSION

For all of the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is GRANTED.  Only Count Two of Plaintiff's Complaint remains.

**IT IS SO ORDERED.**

                                                                  **s/Donald C. Nugent**
                                                                  **DONALD C. NUGENT**
                                                                  **UNITED STATES DISTRICT JUDGE**

**DATED:7/14/2014**